Exhibit A.

Case 3:14-cv-00047-KC   Document 1-1   Filed 02/04/14   Page 1 of 10

El Paso County - County Court at Law 5

Filed 1/31/2014 11:12:44 AM
Norma L. Favela
District Clerk
El Paso County
2014DCV0288

IN THE ___ DISTRICT COURT / COUNTY COURT AT LAW NO. ___

EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| MATTHEW THOMAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CAUSE NO. 2014 - DCV_____ |
| | § | |
| CITY OF EL PASO, TEXAS, | § | |
| | § | |
| *Defendant.* | § | Jury Trial Demand |

**PLAINTIFF'S ORIGINAL PETITION**
**and REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, **Matthew Thomas** ("Plaintiff" and "Mr. Thomas") in the above-captioned matter and complains of the Defendant, **City of El Paso, Texas** ("Defendant" and "The City"), alleging the following:

### I. PARTIES

1. **Mr. Thomas** is a resident of El Paso County, Texas.

2. **The City** is a home rule municipality in the State of Texas. Service of process on The City may be had by serving **Mayor Oscar Leeser**, at **300 North Campbell Street, El Paso, Texas 79901**, or wherever he may be found.

### II. DISCOVERY PLAN

3. Discovery in this case will be conducted under TEX. R. CIV. P. 190.4 (Level 3).

### III. JURISDICTION

4. This action arises under Chapter 21 of the Texas Labor Code ("Ch. 21"), which prohibits employment discrimination, the common laws of the State of Texas, and 29 U.S.C. § 2601.

5. Plaintiff has complied with all necessary administrative prerequisites.

6. On January 30, 2014, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's charge of discrimination was simultaneously filed with the Texas Workforce Commission Civil Rights Division ("TWC-CRD").

7. Though the general rule is that a litigant must exhaust administrative remedies proscribed under Chapter 21 of the Texas Labor Code as a prerequisite to invoking jurisdiction, parties may avoid exhaustion by showing there will be irreparable harm if exhaustion is required. *Houston Federation of Teachers, Local 2415 v. Houston Independent School Dist.*, 730 S.W.2d 644, 646 (Tex. 1987). *See also Garza v. Texas Educ. Found.*, 565 F.2d 909, 910 (5th Cir. 1978); *Drew v. Liberty Mut. Ins. Co.*, 480 F.2d 69, 73 n.5 (5th Cir. 1973), *cert. denied,* 417 U.S. 935 (1974). In the case at hand, Mr. Thomas will not be able to receive life-saving treatment for cancer if an injunction is not granted today. Therefore, for reasons stated in the accompanying "Plaintiff's Application for Temporary Restraining Order and Motion for Temporary Injunction," Plaintiff requests that the Court grant Plaintiff's requested injunctive relief over the Chapter 21 claims pending the exhaustion of the TWC-CRD investigative process.

8. Plaintiff seeks declaratory, injunctive, and equitable relief pursuant to Section 21.258 of the Texas Labor Code and 29 U.S.C. § 2617(a)(1); compensatory and punitive damages pursuant to Section 21.2585 of the Texas Labor Code and 29 U.S.C. § 2617(a)(1); and costs, attorney's fees and expert fees pursuant to Section 21.259 of the Texas Labor Code and 29 U.S.C. § 2617(a)(3).

## IV. VENUE

9. This action properly lies in El Paso County, Texas because the unlawful employment practices occurred therein.

## V. DISCOVERY PLAN

10. Discovery in this case will be conducted under TEX. R. CIV. P. 190.4 (Level 3).

## VI. FACTS

11. Mr. Thomas is an employee of The City with brain cancer. Plaintiff works in the El Paso Fire Department. He has been married for almost 20 years and has two children.

12. Mr. Thomas began working for The City on or about March 3, 1997. Throughout his almost 17 years of service to The City, Mr. Thomas has consistently received favorable evaluations, and has worked hard to earn promotions. At the time of his termination, Mr. Thomas was Battalion Chief and had no adverse disciplinary record. *See* Exhibit A, Notice of Separation, page 6.

13. During his employment with Defendant, Mr. Thomas was a participant in the City's Aetna group health care coverage plan.

14. On June 22, 2013, Mr. Thomas had a serious seizure while on shift and was transferred to Del Sol Medical Center by his colleagues.

15. Mr. Thomas was treated in the emergency room and remained on an in-patient basis for three subsequent days.

16. Several days after admission, Mr. Thomas learned that the cause of his seizure was a brain tumor that would require aggressive treatment and recuperation. Exhibit C.

17. Mr. Thomas never gave a urine test during his time at the hospital. Exhibit C *and* D.

18. Shortly following his hospital stay, Mr. Thomas informed Defendant of his medical condition. Exhibit C.

19. Mr. Thomas continued working dutifully for Defendant until mid- to late- August at which point he requested FMLA leave. *Id.*

20. On August 20, Defendant's worker's compensation insurance carrier falsely informed Defendant that Mr. Thomas had been intoxicated at the time of his seizure. Exhibit B, Letter from Claims Administration Services, Inc. ("CAS") to Defendant. The carrier based its decision solely on a urine drug test report that allegedly was created on June 22 in Del Sol.

21. Immediately upon receipt of the CAS letter, and without any investigation, Defendant drafted a Proposed Notice of Separation on August 20, 2013.

22. Mr. Thomas, without knowledge of the letter, sought and received leave under the Family Medical Leave Act ("FMLA") in order to undergo surgery for his tumor on or around August 25. Exhibit C.

23. Defendant finally sent Mr. Thomas a Notice of Proposed Separation on September 5, 2013 – the day after that Mr. Thomas underwent brain surgery at M.D. Anderson Cancer Center in Houston. Exhibit F. Defendant terminated Mr. Thomas' employment on January 2, 2014. Exhibit A.

24. Mr. Thomas was in repose for two months to recuperate from his brain surgery in September and October of 2013. His union representative, Joseph Tellez, informed the City of his condition and also told Chief Samuel Peña that the records relied upon by CAS, Inc. were incorrect. Mr. Tellez learned that the Professional Standards Office was not conducting an investigation of the matter. Exhibit E.

25. Defendant ignored Mr. Tellez's warnings. In late November, 2013, Defendant never met with Mr. Thomas. At no point did Defendant interview any witnesses brought to their attention by Mr. Tellez and Mr. Thomas and Defendant never sought further documents from Del Sol.

26. On November 25, 2013, Defendant finally met with Mr. Thomas and his representative. Chief Peña, City Attorney Linda Samples, and Performance Standards Officer Chief Cano were present at the meeting. Mr. Thomas and Mr. Tellez presented Defendant with grave problems with the medical record and test used. They again presented the following main problems with the test:

(A) Mr. Thomas, along with several witnesses, acknowledge that Mr. Thomas never consented, authorized or performed a urine test during his time at the hospital;

(B) The medical records provided by CAS, Inc. reflect that they correspond to a larger, undernourished patient who was fearful of his previous living arrangement, had been transported from home to the hospital, and had a skull fracture. The person in the records also received a chest x-ray, unlike Mr. Thomas.

(C) The alleged initial screen was not supported by cut-off levels, confirmatory test results, or documentation of the chain of custody. Exhibit M, Letter from Joseph Tellez to Samuel Peña, November 25, 2013.

27. Defendant failed to investigate any facts beyond the allegations included in the medical record provided by CAS at any point between August 20, 2014 until the termination was made final on January 2, 2014. Exhibit A. *See also* Exhibit J. Faced with such stark discrepancies, Defendant refused to even interview fellow fire fighters who were first-hand witnesses to Mr. Thomas' treatment at the hospital.

28. On the contrary, Defendant took the extraordinary step of prohibiting witnesses from speaking with Mr. Thomas' counsel, who was investigating the matter. Exhibit E.

29. At all times relevant to this lawsuit, Mr. Thomas has been a hard-working, loyal and dedicated employee with no disciplinary history.

30. Mr. Thomas has suffered severe emotional distress, loss of enjoyment of life, depression, humiliation, anxiety and other adverse health effects as a result of Defendant's unlawful discrimination.

31. Similarly, since Defendant's unlawful discrimination, Mr. Thomas has incurred a loss of wages and health insurance that puts his life at grave risk given his serious health problems.

## VII. CAUSES OF ACTION

### A. Count One – Disability Discrimination

32. The above allegations are re-alleged and adopted by reference.

33. Plaintiff asserts that his disability, or what Defendant regarded as a disability, was a motivating factor and consideration in Defendant's decision to discharge him.

34. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered past and future lost wages, and past and future compensatory damages (including, but not limited to, humiliation, inconvenience, suffering, embarrassment, loss of enjoyment of life, emotional pain, mental anguish, and emotional distress).

35. Defendant acted with malice or reckless indifference to the rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

### B. Count Two – FMLA Interference/Retaliation

36. The above allegations are re-alleged and adopted by reference.

37.     The FMLA makes it unlawful for an employer to discriminate/retaliate against an employee who exercises his right to take leave pursuant to the FMLA.

38.     Plaintiff asserts that his prior and anticipated use of FMLA leave was a motivating factor and consideration in Defendant's decision to terminate Plaintiff's employment.

39.     As a direct and proximate result of the foregoing adverse actions, Plaintiff has suffered past and future lost wages, and past and future compensatory damages (including, but not limited to, humiliation, inconvenience, suffering, embarrassment, loss of enjoyment of life, emotional pain, mental anguish, and emotional distress).

40.     Defendant's violation of the FMLA was willful. Thus, Plaintiff is entitled to an award of liquidated damages in addition to equitable relief.

## VIII.  JURY DEMAND

41.     Plaintiff requests a trial by jury.

## IX.  RULE 47 STATEMENT

42.     Mr. Thomas seeks to recover all of his damages in an amount which the jury determines to be just and appropriate, based on the jury's discretion and judgment in its role as a trier of fact. In order to comply with the Supreme Court's requirement to state the range of damages, pursuant to Texas Rule of Civil Procedure 47(c), Mr. Thomas pleads that he anticipates at this time that the amount of damages he will request the jury to assess at trial will be monetary relief over $100,000 but not more than $200,000.

## X.  REQUEST FOR DISCLOSURE

43.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, **The City** is requested to disclose within fifty (50) days of service of this request the information and material described in

Rule 194.2(a) through (k) of the Texas Rules of Civil Procedure.

## XI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court cite the Defendant to answer and appear, and upon final trial enter a judgement upon his favor and award the following:

1. Temporary restraining order, temporary injunction, and permanent injunction ordering Defendant to reinstate Plaintiff with full benefits;

2. Back pay and benefits;

3. Liquidated damages as set forth in Count Two;

4. Front pay and benefits;

5. Compensatory damages;

6. Punitive damages;

7. Costs, including attorney's fees and reasonable expert fees, pursuant to Section 21.259 of the Texas Labor Code and 29 U.S.C. § 2617(a)(3);

8. Prejudgment and post-judgment interest accruing at the maximum rate allowed by law; and

9. Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show herself to be justly entitled.

[SIGNATURE BLOCK ON NEXT PAGE]

DATED: January 31, 2014

Respectfully submitted,

DOMINGUEZ & COYLE, P.L.L.C.
2515 N. Stanton St.
El Paso, Texas 79902
(915) 532-5544
(915) 532-5566 Facsimile

By:  /s/ Francisco X. Dominguez
**FRANCISCO X. DOMINGUEZ**
Texas Bar No. 00795324
francisco@dominguezcoyle.com
**CHRISTOPHER BENOIT**
Texas Bar No. 24068653
chris@dominguezcoyle.com
**ATTORNEYS FOR PLAINTIFF**