**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **MATTHEW THOMAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **No. EP-14-CV-47-KC** |
| | § | |
| **CITY OF EL PASO, TEXAS** | § | |
| | § | |
| **Defendant.** | § | |

---

**ORIGINAL ANSWER OF DEFENDANT CITY OF EL PASO, TEXAS**

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

NOW COMES Defendant the CITY OF EL PASO, TEXAS (hereinafter "Defendant" or "the City"), and files this its Original Answer to Plaintiff 's Original Complaint. In support of said Original Answer, Defendant would respectfully show the Court the following:

**I.
DEFENSES**

**First Defense**

Defendant denies each and every material allegation contained in Plaintiff's Original Complaint and demands strict proof thereof as required by the Constitution, Statues, Laws, and Rules of Civil Procedure.

**Second Defense**

There is no factual or legal basis to support Plaintiff's allegations that he was the victim of unlawful discrimination in violation of Chapter 21 of the Texas Labor Code (hereafter "Labor

Code") as amended. Indeed, the complained of actions, if any, were based upon reasonable, lawful, non-discriminatory acts and were not the result of any intentional and/or willful violation of state or federal law.

**Third Defense**

To the extent Plaintiff is attempting to seek relief under Chapter 21 for any alleged discriminatory conduct occurring more than one hundred and eighty days (180) prior to the filing of his predicate administrative charge of employment discrimination, such claims, and the relief for such claims, are barred by limitations.

**Fourth Defense**

To the extent, if any, that Plaintiff may maintain this action against Defendant under Chapter 21, he is limited to the claims alleged in his predicate charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") and/or the Texas Commission on Human Rights ("TCHR" now known as the Civil Rights Division of the Texas Workforce Commission).

**Fifth Defense**

The City hereby asserts the following defenses under Chapter 21 of the Texas Labor Code:

a. Plaintiff was not replaced by someone outside the protected class; and/or

b. Plaintiff was not discharged because of a disability.

c Plaintiff's employment with the City was terminated for a legitimate, nondiscriminatory reason.

d. Disability is not a motivating factor in the Defendant's decision to terminate the Plaintiff's employment.

**Sixth Defense**

There is no factual or legal basis to support Plaintiff's allegations that he was the victim of

unlawful discrimination and retaliation in violation of 29 U.S.C. §2601 (hereafter the "FMLA") as amended. Indeed, the complained of actions, if any, were based upon reasonable, lawful, non-discriminatory acts and were not the result of any intentional and/or willful violation of state or federal law.

**Seventh Defense**

The City hereby asserts the following defenses under 29 U.S.C. §2601(the "FMLA"):

a. Plaintiff was not subject to discrimination because he exercised his right to take leave pursuant to the FMLA; and/or

b. Plaintiff was not subject to retaliation because he exercised his right to take leave pursuant to the FMLA; and/or

c. Plaintiff was granted leave in accordance with the FMLA; and/or

d. Plaintiff's employment with the City was terminated for a legitimate, nondiscriminatory reason.

e. The Plaintiff's request for leave under the FMLA was not a motivating factor in the Defendant's decision to terminate the Plaintiff's employment.

**Eighth Defense**

The Petition, or portions thereof, fails to state a claim upon which relief may be granted.

**Ninth Defense**

The Petition, or portions thereof, is barred by Plaintiff's failure to exhaust his administrative remedies.

**Tenth Defense**

Plaintiff failed to satisfy all necessary conditions precedent to the institution of all or part of his claims.

**Eleventh Defense**

Plaintiff's claims are, in whole or in part, barred by the doctrines of waiver, estoppel, accord and satisfaction, unclean hands, laches, and/or the applicable statute of limitations.

**Twelfth Defense**

Chapter 21 of the Texas Labor Code is a remedial statutory scheme in which the Texas Legislature has specified the remedial relief, if any, available to a prevailing plaintiff. To the extent that Plaintiff seeks remedies beyond the scope of this specified statutory remedy, such claims for relief are improper and should be dismissed.

**Thirteenth Defense**

To the extent Plaintiff's claims rest upon any actions of Defendant taken in good faith reliance on the constructions interpretations, and applications of Chapter 21 by the appropriate administrative agencies, regulatory agencies, and/or courts empowered and/or authorized by the Texas Legislature to make such constructions, interpretations, and applications, such claims are, in whole or in part, barred.

**Fourteenth Defense**

To the extent Plaintiff's claims rest upon any actions of Defendant taken in good faith reliance on the constructions interpretations, and applications of 29 U.S.C. §2601 by the appropriate administrative agencies, regulatory agencies, and/or courts empowered and/or authorized by the Congress to make such constructions, interpretations, and applications, such claims are, in whole or in part, barred.

**Fifteenth Defense**

Plaintiff has failed to exercise reasonable care and diligence to mitigate his damages, if any.

In addition, Plaintiff's damages and losses, if any, should be reduced by any and all interim earnings, including unemployment compensation.

**Sixteenth Defense**

To the extent, if any, Plaintiff has suffered any damages and/or losses, such damages and losses were a result of Plaintiff's own conduct and/or omissions.

**Seventeenth Defense**

To the extent, if any, Plaintiff has suffered any damages and/or losses, such damages and losses are subject to any and all applicable federal and/or state limitations on damages, including but not limited to the limitation of damages found under Chapter 21 of the Texas Labor Code and 29 U.S.C. §2601.

**Eighteenth Defense**

Plaintiff's claims are, in whole or in part, barred by the fact that Defendant's actions and/or omissions, if any, did not proximately cause Plaintiff's damages and/or losses, if any.

**Nineteenth Defense**

If Plaintiff's rights were violated, any such violations were the result of individuals acting outside the scope of their employment with Defendant the City of El Paso and without Defendant the City of El Paso's consent. Defendant the City of El Paso did not, and does not, authorize, condone, ratify, or tolerate discrimination, retaliation and/or harassment; instead Defendant the City of El Paso prohibits such conduct in all cases, including this one brought by Plaintiff. Hence, any such conduct may not be attributed to Defendant the City of El Paso through principles of agency, *respondeat superior*, or otherwise.

**Twentieth Defense**

Any improper, illegal, discriminatory, retaliatory or harassing actions by Plaintiff's supervisors and/or co-workers were contrary to the City of El Psao's good faith efforts to comply with all federal, state, and local statutes, laws, and ordinances.

**Twenty -First Defense**

Plaintiff's claims of discrimination, retaliation and/or harassment are barred because the City of El Paso effectuated prompt, remedial relief in response to Plaintiff's complaints, if any, of discrimination, harassment, and/or retaliation.

**Twenty-Second Defense**

Plaintiff's claims of discrimination, retaliation and/or harassment are barred because Defendant the City of El Paso promulgated an effective policy of preventing and correcting such conduct and/or occurrences, of which Plaintiff unreasonably failed to take advantage.

**Twenty-Third Defense**

There is no basis, in law or in fact, to support Plaintiff's claims for punitive damages under Chapter 21 of the Texas Labor Code and liquidated damages under 29 U.S.C. §2601. The City of El Paso is a municipality. As a political subdivision fo the state and it is therefore, immune from such damages. Tex. Civ.Prac. Rem. Code §101.024. Moreover, Defendant did not engage in inlawful intentional discrimination , discriminatory practice or retaliatory acts with malice or with reckless indifference to the Plaintiff's statutory rights, if any. Defendant's actions were undertaken in good faith and were based upon legitimate, non-discriminatory reasons.

## II.
## ANSWER

The allegations in Plaintiff's Original Complaint are answered below by correspondingly numbered paragraphs:

### I. PARTIES

1. Defendant denies each and every allegation of wrongdoing but admits the allegations set forth in Paragraph I of the Plaintiff's Original Petition.

### II. DISCOVERY PLAN

2. Defendant denies each and every allegation of wrongdoing but admits the allegations set forth in Paragraph 2 of the Plaintiff's Original Petition.

### III. JURISDICTION

3. Defendant denies County Court Number Five has subject matter jurisdiction over the Plaintiff's claims in the matter as stated in Paragraph 4 of the Plaintiff's Original Petition but admits the United States District Court for the Western District of Texas, El Paso Division his Court has jurisdiction of the matters raised in the Plaintiff's Original Petition.

4. Defendant denies the Plaintiff has complied with all necessary administrative prerequisites set forth in Paragraph 6 of Plaintiff's Original Petition.

5. Defendant admits Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant the City of El Paso on January 31, 2014. Defendant further admits Plaintiff's charge of discrimination was simultaneously filed with the Texas Workforce Commission Civil Rights Division ("TRC-CRD"), however, Defendant denies that any facts exists so as to constitute a violation of the law as set forth in Paragraph 7 of Plaintiff's Original Petition.

6. Defendant admits that Plaintiff seeks injunctive, and equitable relief pursuant to Section 21.258 of the Texas Labor Code prior to exhausting administrative remedies but denies that any facts exist so as to entitle him to any such remedies as set forth in Paragraph 7 of Plaintiff's Original Petition.

7. Defendant admits that Plaintiff seeks injunctive, and equitable relief pursuant to Section 21.258 of the Texas Labor Code and 29 U.S.C. 2617(a)(1); compensatory and punitive damages pursuant to Section 21.258 of the Texas Labor Code and 29 U.S.C. 2617(a)(1); and costs, attorney's fees and expert fees pursuant to Section 21.259 of the Texas Labor Code

and 29 U.S.C. §2617(a)(3) but denies that any facts exist so as to entitle him to any such remedies as set forth in Paragraph 8 of Plaintiff's Original Petition.

## IV. VENUE

8. Defendant denies that is has engaged in any actions giving rise to jurisdiction under the claims which form the basis of the Plaintiff's Original Petition but admits venue is proper in the United States District Court for the Western District of Texas, El Paso Division as pled in paragraph 4 of the Plaintiff's Original Petition.

## V. DISCOVERY PLAN

9. Defendant admits that Plaintiff seeks to conduct discovery under Tex. R. Civ. P. 190.4 (Level 3) but denies that the Texas Rules of Civil Procedure with respect to discovery are appropriate in this cause of action or that any facts exist so as to entitle him to any such discovery.

## VI. FACTS

10. Defendant admits the Plaintiff was an employee of the City of El Paso El Paso Fire Department. Defendant further admits the Plaintiff has advised Defendant he has brain cancer, is married and has two children as set forth in Paragraph 11 in the Plaintiff's Original Petition.

11. Defendant admits the Plaintiff worked for the City of El Paso for approximately 17 years and was employed as a Battalion Chief. Defendant denies the remainder of the allegations as set forth in Paragraph 12 of the Plaintiff's Original Petition.

12. Defendant denies the allegations set forth in Paragraph 13 of the Plaintiff's Original Petition.

13. Defendant admits the allegations set forth in Paragraph 14 of the Plaintiff's Original Petition.

14. Defendant admits the allegations set forth in Paragraph 15 of the Plaintiff's Original Petition.

15. Defendant admits Plaintiff advised the Defendant he has a brain tumor that would require aggressive treatment and recuperation but denies being told the cause of the seizure as set forth in Paragraph 16 of the Plaintiff's Original Petition.

16. Defendant denies the allegations set forth in Paragraph 17 of the Plaintiff's Original Petition.

17. Defendant admits the allegations set forth in Paragraph 18 of the Plaintiff's Original Petition.

18. Defendant admits the allegations set forth in Paragraph 19 of the Plaintiff's Original Petition.

19. Defendant admits Claims Administrative Services, Inc., advised the City of El Paso that the Plaintiff had been under the influence of illegal drugs and alcohol on June 22, 2013 while he was on duty as a Battalion Chief. Defendant denies the rest of the allegations contained in Paragraph 20 of the Plaintiff's Original Petition.

20. Defendant denies the allegations set forth in Paragraph 21 of the Plaintiff's Original Petition.

21. Defendant admits Plaintiff sought and received leave under the Family and Medical Leave Act ("FMLA") in order to undergo surgery for his tumor in August of 2013 as set forth in paragraph 22 of the Plaintiff's Original Petition.

22. Defendant admits a Notice of Proper Separation was mailed to Plaintiff on or about September 3, 2013 and the Plaintiff's employment was terminated on January 2, 2014. Defendant denies the remainder of the allegations contained in Paragraph 23 of the Plaintiff's Original Petition.

23. Defendant admits Plaintiff was on leave to recover from his brain surgery during the months of September and October. Defendant further admits it received written notification from Joe Tellez that he would act as Plaintiff's representative during the Plaintiff's recovery and Tellez represented to Chief Sam Pena that Plaintiff believed the records obtained by CAS, Inc. were in accurate. Defendant denies the remainder of the allegations contained in Paragraph 24 of the Plaintiff's Original Petition.

24. Defendant denies the allegations set forth in Paragraph 25 of the Plaintiff's Original Petition.

25. Defendant denies the allegations set forth in Paragraph 26 of the Plaintiff's Original Petition.

26. Defendant denies the allegations set forth in Paragraph 27 of the Plaintiff's Original Petition.

27. Defendant denies the allegations set forth in Paragraph 28 of the Plaintiff's Original Petition.

28. Defendant denies the allegations set forth in Paragraph 29 of the Plaintiff's Original Petition.

29. Defendant denies the allegations set forth in Paragraph 30 of the Plaintiff's Original Petition.

30. Defendant denies the allegations set forth in Paragraph 31 of the Plaintiff's Original Petition.

## VII. CAUSES OF ACTION

31. To the extent the allegations contained in paragraphs 1-32 were previously denied, Defendant denies each and every allegation of wrongdoing as alleged in Paragraph 32 of the Plaintiff's

Original Petition.

32. Defendant denies each and every allegation of wrongdoing as alleged in Paragraph 33 of the Plaintiff's Original Petition.

33. Defendant admits Plaintiff seeks past and future lost wages and past and future compensatory damages including but not limited to embarrassment, mental anguish, humiliation, loss of enjoyment of life, emotional pain, mental anguish and emotional distress pursuant to the Texas Labor Code in Paragraph 34 but denies that any facts exist so as to entitle him to any such remedies.

34. Defendant admits Plaintiff seeks punitive damages in Paragraph 35 pursuant to the Texas Labor Code but denies that it acted with malice or reckless indifference to the rights of Plaintiff and that any facts exist so as to entitle him to any such remedies.

35. To the extent the allegations contained in paragraphs 1-36 were previously denied, Defendant denies each and every allegation of wrongdoing as alleged in Paragraph 36 of the Plaintiff's Original Petition.

36. Defendant admits the FMLA makes it unlawful for an employer to discriminate/retaliate against an employee who exercises his right to take leave pursuant to the FMLA but denies that the Defendant discriminated or retaliated against the Plaintiff for exercising his right to take leave pursuant to the FMLA.

37. Defendant denies the allegations set forth in Paragraph 38 of the Plaintiff's Original Petition.

38. Defendant denies the allegations set forth in Paragraph 39 of the Plaintiff's Original Petition.

39. Defendant denies the allegations set forth in Paragraph 40 of the Plaintiff's Original Petition.

## VIII. JURY DEMAND

40. Defendant admits the Plaintiff has requested a trial by jury and all issues triable to a jury. Defendant denies that any facts exist so as to entitle him to a jury trial.

## IX. RULE 47 STATEMENT

41. Defendant admits the Plaintiff has properly complied with the Supreme Court's requirement to state the range of damages sought pursuant to Texas Rules of Civil Procedure 47(c) but denies that there are any facts or basis under law that would entitle him to a monetary recovery as set forth in Paragraph 42 of the Plaintiff's Original Petition.

## X. REQUEST FOR DISCLOSURE

42. Defendant admits that it has received the Plaintiff's Requests for Disclosure which were served with the Plaintiff's Original Petition as set forth in Paragraph 43 of the Plaintiff's Original Petition.

43. Any allegations not admitted or denied by Defendant are hereby denied in their entirety.

## XI. PRAYER

Defendant prays that the Court enter a judgment:

1. Dismissing Plaintiff's Original Petition and denying Plaintiff all requested relief therein; and

2. Awarding Defendant its attorneys' fees, costs, and/or expenses incurred in defending this action; and

2. Awarding Defendant all other relief to which it is entitled.

Respectfully submitted,

**RAY McCHRISTIAN & JEANS, P.C.**
A Professional Corporation
5822 Cromo Drive, Ste. 300
El Paso, Texas 79912
Phone: 915-832-7200
Fax: 915-832-7333

DATE: February 10th, 2014

BY: ______________________________

**JEFF RAY**
SBN 16604400
**CHRIS M. BORUNDA**
SBN 00789161

**COUNSEL FOR DEFENDANT THE CITY OF EL PASO**

**CERTIFICATE OF SERVICE**

This is to certify that on this the 10th day of February, 2014, a true and correct copy of the above and foregoing was forwarded in accordance with Federal Rules of Civil Procedure to all counsel of record, as indicated below:

Francsisco Dominguez
**DOMINGUEZ & COYLE, P.L.L.C**
2515 N. Stanton Street
El Paso, Texas 79902

**JEFF RAY**
**CHRIS BORUNDA**